IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. W-19-CR-338-ADA |
| | § | |
| ROSA LEE KOLAR | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE ALAN D ALBRIGHT,
     UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The defendant was convicted of Count One: Possession to Possess Stolen Firearms, in violation of 18 U.S.C. § 372 and 18 U.S.C. § 922(j); Count Two: Possession of Stolen Firearms, Aiding and Abetting, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and 18 U.S.C. § 2. The Court sentenced the defendant to 30 months imprisonment as to each count, to be served concurrently, followed by a three-year term of supervised release as to Count One and a two-year term of supervised release as to Count Two, to run concurrently; Special conditions include:

substance abuse treatment, mental health treatment, search and seizure, $19,762.63 in restitution ($9,773.16 balance) and a $200.00 special assessment ($125.00 balance).

Defendant was released to supervision on August 11, 2023. On May 15, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his release and seeking a show-cause hearing as to why the defendant's supervised release should not be revoked. The petition alleges the defendant violated the terms of his release in the following instances:

**Violation Number 1:** The defendant violated Special Condition Number 1, to attend and complete substance abuse treatment, in that on May 8, 2024, the defendant was unsuccessfully discharged from Christian Farms Treehouse in Temple, Texas, an inpatient substance abuse treatment facility.

**Violation Number 2:** The defendant violated a Special Condition, and Mandatory Condition Number Seven, in that as of May 13, 2024, the defendant has failed to pay at least $100 per month toward her outstanding restitution balance. She has a remaining balance of $9,773.16.

**Violation Number 3:** The defendant violated Mandatory Condition Number Eight, in that as of May 13, 2024, the defendant has failed to pay her special assessment. She has a remaining balance of $125.00.

## II.  FINDINGS OF THE COURT

At the hearing, the defendant then pleaded true to the violations. The government presented evidence that would support a finding of true, by a preponderance of the evidence, as to the violations.

1. The defendant violated the conditions of her supervision as alleged in the petition.
2. The defendant was competent to make the decision to enter a plea to the allegations.
3. The defendant had both a factual and rational understanding of the proceedings against her.

4. The defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

5. The defendant has not had any injury that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

7. The defendant was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8. The defendant received a copy of the petition naming her, and he either read it or had it read to her.

9. The defendant understood the petition and the charges alleged against her and had the opportunity to discuss the petition and charges with her attorney.

10. The defendant understood that she had the right to present evidence and to cross-examine witnesses at the hearing.

11. The defendant freely, intelligently, and voluntarily entered her plea to the allegations.

12. The defendant understood her statutory and constitutional rights and desired to waive them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be revoked and that she be remanded to the custody of the U.S. Marshal for five months, with no term of supervised release to follow. The defendant should receive fourteen days of credit for time served.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 4th day of June 2024.

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE